Frank R. FISCHER, Plaintiff,

v.

INTERNAL REVENUE SERVICE, Defendant.

No. 84–CV–1670.

United States District Court, N.D. New York.

Sept. 26, 1985.

Frank R. Fischer, Olean, N.Y., pro se.

Frederick J. Scullin, Jr., U.S. Atty., Craig A. Benedict, Paula Ryan Conan, Asst. U.S. Attys., N.D.N.Y., Syracuse, N.Y., Robert L. Gordon, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

Plaintiff commenced this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1982), to compel the production of documents requested from the IRS. Plaintiff exhausted his administrative remedies after appealing the denial of a portion of his request to the IRS on October 9, 1984. Jurisdiction is properly invoked under 5 U.S.C. § 552(a)(4)(B). Upon cross-motions for summary judgment and plaintiff's motion for a default judgment, summary judgment is granted to the defendant and the complaint is dismissed.

Plaintiff initially made an extensive and detailed request under the FOIA on July 13, 1984 for production of records relating to himself held by the IRS office in Buffalo, New York. Photocopies of the documents requested were mailed to plaintiff on September 24, 1984. The cover letter of the IRS District Disclosure Officer claims that some of the documents requested fall under the attorney-client privilege exemption and one falls within the deliberative process privilege; these were not provided to the plaintiff.

The affidavit of Robert Moreno, an attorney in the Disclosure Litigation Division of the IRS who participated in the review of the documents requested by plaintiff, describes the documents and the privileges under which defendant has asserted they fall. The IRS withheld eight documents under the intra-agency privilege of 5 U.S.C. § 552(b)(5). In addition, several documents were provided but with names of "lower level" IRS employees deleted pursuant to the personal privacy exemption for investigatory records, 5 U.S.C. § 552(b)(7)(C).

Defendant has moved for summary judgment claiming that the documents and portions of the documents denied to plaintiff fall within the privileges of 5 U.S.C. § 552(b)(5) and (b)(7) and therefore were properly withheld by defendant. The eight documents withheld entirely are pre-decisional recommendations, deliberations, opinions and suggestions as to how the IRS should respond to questions posed by plaintiff with respect to the Service's authority to collect taxes. These documents are individually described in detail in Moreno's affidavit.

The IRS argues that these eight documents fall within the intra-agency exemption to the FOIA, 5 U.S.C. § 552(b)(5). This exemption protects documents that would normally be privileged in civil dis-

covery, *United States v. Weber Aircraft Corp.,* 465 U.S. 792, ——, 104 S.Ct. 1488, 1492–93, 79 L.Ed.2d 814 (1984), here the traditional governmental privilege, *see NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975); *Lead Industries Ass'n, Inc. v. OSHA,* 610 F.2d 70 (2d Cir.1979). The eight documents withheld were generated by the IRS in deciding within the agency how to respond to what the agency determined were typical "tax protestor" questions posed by the plaintiff with respect to the Service's authority to assess and collect taxes from the plaintiff. These documents are of the type of internal working papers formulating and expressing opinions and policies of the IRS which the intra-agency exemption shields from disclosure under the FOIA, *see International Paper Co. v. Federal Power Commission,* 438 F.2d 1349 (2d Cir.), *cert. denied,* 404 U.S. 827, 92 S.Ct. 61, 30 L.Ed.2d 56 (1971), and therefore defendant properly asserted the exemption from disclosure under 5 U.S.C. § 552(b)(5).

■ The documents which were provided to plaintiff with deletions of the names of IRS personnel are claimed to have been properly partially deleted under the following disclosure exemption:

> investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... (C) constitute an unwarranted invasion of personal privacy ...

5 U.S.C. § 552(b)(7). These documents, according to the IRS, were generated with respect to plaintiff's tax liability. Investigations by the IRS into civil or criminal tax liability constitute "investigatory records compiled for law enforcement purposes." *See Williams v. IRS,* 345 F.Supp. 591, 593 (D.Del.1972), *aff'd,* 479 F.2d 317 (3d Cir.), *cert. denied,* 414 U.S. 1024, 94 S.Ct. 448, 38 L.Ed.2d 315 (1973). Upon considering "the privacy interest and the extent of the invasion thereof against the public interest in disclosure ..." *Diamond v. FBI,* 532 F.Supp. 216, 244 (S.D.N.Y.1981), *aff'd,* 707 F.2d 75 (2d Cir.1983), *cert. denied,* 465 U.S.

1004, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984), the names of the "lower level" IRS employees were properly deleted under 5 U.S.C. § 552(b)(7).

Plaintiff moved for summary judgment on two grounds: (1) defendant failed to file its answer within the 30-day statutory period provided in 5 U.S.C. § 552(a)(4)(C), and (2) defendant did not answer the complaint properly. As to plaintiff's first contention, defendant did file its answer within the 30-day period: the complaint was filed on December 3, 1984, service was effected thereafter and defendant filed an answer on January 2, 1985. Based on the discussion above, defendant's answer is not improper in that it sets forth as an affirmative defense the exemptions claimed by the IRS, 5 U.S.C. § 552(b)(5) and (b)(7).

■ Plaintiff also moved for a default judgment for the agency's failure to proceed diligently in this litigation. Although the answer was filed within the statutorily-prescribed period, plaintiff in his request for default judgment requests the court to take notice of the government's general dilatory attitude toward this litigation. Plaintiff bases his argument on 5 U.S.C. § 552(a)(4)(D) which provided that a court is to give FOIA cases priority. This statutory provision was repealed on Nov. 8, 1984. Pub.L. No. 98–620, Title IV, § 402(2), 98 Stat. 3357 (1984). Plaintiff's complaint was filed after the date the statute was repealed so that statute is inapplicable to plaintiff's present lawsuit. Plaintiff also asserts that the government's request for an adjournment of the date for oral arguments on these motions entitles him to relief under Rule 56(g), Fed.R.Civ.P. However, there is no evidence of bad faith on the part of the defendant in making this routine request which was granted by the court. Therefore plaintiff is not entitled to relief under Rule 56(g). Because defendant has proceeded generally in a timely manner Rule 55(e), Fed.R.Civ.P. prevents this court from granting plaintiff's motion for a default judgment.

In conclusion, this court determines that the IRS properly claimed the intra-agency

and governmental privilege exemptions to the disclosure request by plaintiff of IRS records. Defendant is hereby granted summary judgment in its favor; plaintiff's motion for summary judgment and for an award of costs under 5 U.S.C. § 552(a)(4)(E) is denied; plaintiff's motion for a default judgment and for relief under Rule 56(g), Fed.R.Civ.P. is denied.

IT IS SO ORDERED.