Nicholas Angelo PERRONE, Plaintiff,

v.

**FEDERAL BUREAU OF
INVESTIGATION,**
Defendant.

Civ. A. No. 93–1955.

United States District Court,
D. Columbia.

Dec. 22, 1995.

Nicholas Angelo Perrone, Miami Metropolitan Correctional Center, Miami, FL, pro se.

Patricia Daniells Carter, Sherri Lanette Evans, Suzanne Claire Nyland, Keith V. Morgan, U.S. Attorney's Office, Washington, DC, for Federal Bureau of Investigation.

## MEMORANDUM OPINION

SPORKIN, District Judge.

The issue in this case is whether the Federal Bureau of Investigations (FBI) properly invoked exemptions (b)(7)(C), (b)(7)(D), (b)(7)(E), and (b)(7)(F) of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to justify withholding certain documents requested by plaintiff. Plaintiff, a *pro se* prisoner, seeks to obtain records pertaining to individuals interviewed in the course of the FBI's investigation of plaintiff.

### I. BACKGROUND

Plaintiff made his original FOIA request in 1992, seeking all documents concerning his conviction on various drug trafficking and narcotics charges. On December 16, 1992, defendant advised plaintiff that material responsive to his request was determined to be exempt from disclosure pursuant to FOIA exemption (b)(7)(A) and section (j)(2) of the Privacy Act, 5 U.S.C. § 552a. Plaintiff filed an administrative appeal to the Office of Information and Privacy. In April, 1993, defendant advised plaintiff that it had determined that FOIA exemption (b)(7)(A) no longer applied, and that it would process his request and release those records not otherwise exempt from disclosure.

Plaintiff filed suit in September, 1993, seeking to compel release of the information. Defendant duly answered. Defendant filed (and plaintiff opposed) various motions for enlargement of time, with the result that on April 19, 1994, the Court stayed the case until June of 1994 to allow the FBI sufficient time to process plaintiff's request.

On May 24, 1994, defendant released 371 of the 444 pages pertinent to plaintiff's case. The remaining pages were withheld pursuant to FOIA exemptions (b)(7)(C), (D), (E) and (F), which concern investigatory records compiled for law enforcement purposes. 5 U.S.C. § 552(b)(7).

Neither party took any legal action between April, 1994, and May 9, 1995. Consequently, this Court dismissed the case without prejudice with permission to reinstate within twenty days. Plaintiff filed an unopposed motion to reinstate the case and moved to compel defendant to release legible copies of all records in its possession relating to plaintiff. Defendant then filed a motion for summary judgment, claiming that there were no material facts in dispute and that as a matter of law it had properly withheld information under FOIA exemptions (b)(7)(C), (b)(7)(D), (b)(7)(E), and (b)(7)(F).[1] In support of its motion, defendant filed a declaration of John M. Kelso, Jr. Special Agent, FBI ("the *Kelso* declaration"), which describes defendant's processing of plaintiff's request, its initial determination, and its justification for the application of FOIA exemptions to withhold information. The *Kelso* declaration included a *Vaughn* index.[2]

## II. ANALYSIS

Federal Rule of Civil Procedure 56(e) states that:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.... When a motion of summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

### A. *Exemption (b)(7)(C)*

■ Section 552(b)(7)(C) of Title 5 [hereinafter "exemption 7(C)"] protects from mandatory disclosure records or information compiled for law enforcement purposes to the extent that disclosure can "reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Defendant relies on this exemption to withhold the names or other identifying information of various individuals.

Plaintiff opposes the application of exemption 7(C) only as applied to the identification of third parties interviewed, mentioned, or of investigative interest to the FBI. The basis for plaintiff's objection, however, is an outdated version of the United States Code, which states that "[information is exempt from disclosure if] the disclosure *would* constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C) (1977) (emphasis added). The United States Code was amended in 1986, and protects information that "*could reasonably be expected* to constitute an unwarranted invasion of privacy." 5 U.S.C. § 552(b)(7)(C) (1986) (emphasis added). Because the case at bar arose after the 1986 amendments, it must be analyzed according to current statutory requirements.

Revelation of the names of individuals interviewed clearly could reasonably be expected to be an unwarranted invasion of privacy. The mere mention of an individual's name in a law enforcement file could engender comment and speculation and carries a stigmatizing connotation. *Branch v. FBI,* 658 F.Supp. 204, 209 (D.D.C., 1987). Courts have protected the identities of individuals who were of investigatory interest to law enforcement agencies. *Department of Justice v. Reporters Committee for Freedom of the Press,* 489 U.S. 749, 779, 109 S.Ct. 1468, 1485, 103 L.Ed.2d 774 (1989); *Baez v. Department of Justice,* 647 F.2d 1328, 1338 (D.C.Cir.1980).

Defendant indicates that release of names or other identifying data of persons interviewed, mentioned in the files, or of investigative interest to the FBI could lead to unnecessary and stigmatizing public attention

---

**1.** Plaintiff does not contest any of defendant's other claimed exemptions. See Plaintiff's Opposition to Defendant's Motion for Summary Judgment, pp. 1–2.

**2.** *Vaughn v. Rosen,* 484 F.2d 820, 824 (D.C.Cir. 1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974) (agency must itemize withheld documents and provide justifications for nondisclosure).

and even harassment. Defendant also asserts that such disclosure of personal information could inhibit future cooperation by potential sources who do not want to be associated with law enforcement investigations. The Court finds such reasoning persuasive under the facts of this case, which involves reprehensible crimes.

◼ Once a privacy interest has been established, it must be balanced against the public interest, if any, that would be served by disclosure. *Albuquerque Publishing Co. v. Department of Justice*, 726 F.Supp. 851, 855 (D.D.C.1989). The public interest in disclosure is limited to the FOIA's "core purpose of shed[ding] light on an agency's performance of its statutory duties." *Reporters Committee for Freedom of the Press*, 489 U.S. at 773, 109 S.Ct. at 1482. The requester must also demonstrate that any public interest is both significant and compelling in order to overcome legitimate privacy interests. *Senate of Puerto Rico v. United States Department of Justice*, 823 F.2d 574, 588 (D.C.Cir.1987).

Plaintiff has offered no evidence that the disclosure of the individuals' identities would shed any light on the FBI's conduct with respect to the investigation. *See Albuquerque Publishing Co.*, 726 F.Supp. at 855–6. Plaintiff has not shown that his request has the requisite public interest to outweigh legitimate privacy interests. Thus, the Court sustains defendant's application of exemption 7(C).

**B.  *Exemption (b)(7)(D)***

◼ Exemption (b)(7)(D) [hereinafter "exemption (7)(D)"] protects from disclosure information furnished by third-party sources, as well as the actual identity of the cooperating individual if there has been an explicit assurance of confidentiality or circumstances exist from which such an assurance could reasonably be inferred. 5 U.S.C. § 552(b)(7)(D); *see U.S. Department of Justice v. Landano*, 508 U.S. 165, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993). A confidential source is defined as one who furnishes "information

with the understanding that the FBI would not divulge the communication except to the extent the Bureau thought necessary for law enforcement purposes." *Id.* at ——, 113 S.Ct. at 2020.

◼ In this case, defendant seeks to protect the identities of persons whom the FBI interviewed but whose identities were not made known due to the lack of a public trial or media coverage. Specifically, defendant deleted the information provided by the individual and also the person's identity where such data could identify the source of the information. Defendant argues that such deletion was necessary, as these persons have reason to expect an element of privacy and confidentiality due to the nature of the investigation and the fear of retribution and/or harm if the fact of their cooperation were to become known. The *Kelso* declaration, ¶ 72.

◼ Plaintiff states that defendant's use of exemption 7(D) lacks the requisite detailing of circumstances. But, "where certain circumstances characteristically support an inference of confidentiality," the Government may claim exemption 7(D) "without detailing the circumstances surrounding a particular interview." *Landano*, 508 U.S. at ——, 113 S.Ct. at 2022. The character of the crime at issue may be relevant to determining whether a source cooperated with the FBI with an implied assurance of confidentiality. *Id.* at ——, 113 S.Ct. at 2023. The crimes at issue here—drug trafficking, extortion and illegal possession of firearms—are of such a serious and potentially violent nature that a cooperating source reasonably could expect to be treated as confidential.

Plaintiff asserts that an express or implied assurance of confidentiality does not bar release of information concerning confidential informants whose identity was "expected" to be disclosed during a criminal trial. The Court of Appeals in this Circuit, however, has held that exemption 7(D) applies to a confidential informant who *may* appear at trial. *Schmerler v. F.B.I.*, 900 F.2d 333, 339 (D.C.Cir.1990).[3]

---

3. The *Landano* court explicitly declined to address this question. *Landano, supra,* at ——, 113

S.Ct. at 2020.

**28**

Accordingly, the Court finds that the government's reliance on exemption 7(D) was proper.

#### C. *Exemption (b)(7)(E)*

Exemption (b)(7)(E) [hereinafter "exemption 7(E)"] provides for withholding investigative records compiled for law enforcement purposes to the extent that the release of such records "would disclose techniques and procedures for law enforcement investigations or prosecutions if disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 553(b)(7)(E).

In order to properly invoke exemption 7(E), the government bears the burden of establishing that the requested record was compiled "for law enforcement purposes" and that disclosure of the record will result in the harm exemption 7(E) seeks to avoid. *Cowsen–El v. U.S. Dep't of Justice*, 826 F.Supp. 532, 533 (D.D.C.1992).

■ In this case, defendant utilized exemption 7(E) to withhold the type of polygraph test and machines used by the FBI during the course of its criminal and national security cases. Defendant indicates that release of this information would enable criminals to educate themselves about the capabilities of such equipment and take countermeasures to neutralize the effectiveness of the polygraph. The *Kelso* declaration, ¶¶ 113–14.

■ Defendant also withheld the list of questions appearing on FBI form FD–497, a polygraph examination worksheet utilized during a polygraph. Defendant notes that it is important to the effectiveness of a polygraph examination that the exact questions to be asked and their sequence not be known by the examinee.

■ In addition, defendant withheld an FBI FD–515 form, which reports statistical results of investigations. The form contains a list of twenty techniques which, when used, are rated numerically as to their effectiveness. Defendant asserts that disclosure of this information would help plaintiff or potential criminals predict future investigative actions by the FBI and consequently employ countermeasures to neutralize those techniques.

Plaintiff offers only a vague assertion that defendant has failed to comply with the requirements of the statute. Defendant in contrast has provided specific, articulable reasons for relying on exemption 7(E) in withholding this information. The Court finds defendant's reasoning persuasive. Accordingly, the Court finds that defendant properly withheld information pursuant to exemption 7(E).

#### D. *Exemption (b)(7)(F)*

■ Exemption (b)(7)(F) [hereinafter "exemption 7(F)"] protects from mandatory disclosure information compiled for law enforcement purposes if disclosure would reasonably be expected to endanger the life or physical safety of any individual. 5 U.S.C. § 552(b)(7)(F). Defendant invokes exemption 7(E)—in conjunction with exemption 7(C)—to withhold the names and/or identifying information of third parties who furnished information to the FBI, who are of investigative interest to the FBI, or who are mentioned in FBI files.

Plaintiff objects to this action, but has not raised any genuine question of material fact which would negate defendant's reliance on exemption 7(F). Plaintiff has simply made a vague assertion that, since he has received certain documents in discovery which reveal the names of several individuals previously unknown to plaintiff, there is evidence of bad faith by defendant in not revealing other names. Such an argument does not meet the standard of "specific facts" required in Rule 56.

### III. *CONCLUSION*

In its motion for summary judgment, defendant FBI has stated in explicit detail its reasons for withholding certain information from plaintiff, pursuant to § 552(b)(7) of the Freedom of Information Act. Plaintiff has failed to meet the burden set forth in Federal Rule of Civil Procedure 56, that is, he has not set forth specific facts showing that there is a genuine issue for trial. Accordingly, defendant's motion for summary judgment is granted. An appropriate order follows.

## ORDER

Having considered the submissions of the parties, the Court hereby **ORDERS**, for the reasons set forth in the foregoing opinion, that defendant's motion for summary judgment is **GRANTED**.