**Donald Wayne ENGELKING, Appellant,**

v.

**DRUG ENFORCEMENT ADMINISTRA-TION, Freedom of Information Section, Appellee.**

No. 97–5106.

United States Court of Appeals,
District of Columbia Circuit.

Aug. 1, 1997.

Donald Wayne Engelking, Leavenworth, KS, pro se.

Eric H. Holder, Jr., United States Attorney at the time the motion was filed, R. Craig Lawrence, Michael Joseph Ryan, Assistant United States Attorneys, were on the motion for summary affirmance, for appellee.

ON MOTION FOR SUMMARY
AFFIRMANCE

Before: SILBERMAN, SENTELLE, and GARLAND, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM.

Engelking is serving a life sentence for offenses including conspiracy to manufacture and distribute a large quantity of methamphetamine and using or carrying a firearm during and in relation to drug trafficking. He sent a Freedom of Information Act ("FOIA") request to the Department of Justice seeking all records pertaining to himself. The request was referred to the Drug Enforcement Administration and the Executive Office of the United States Attorneys, both of which released some documents and withheld others in whole or in part pursuant to various exemptions to the FOIA. In a prior appeal, we summarily affirmed the district court's determination that the documents properly were withheld, with the exception of those withheld pursuant to FOIA Exemption 7(D), 5 U.S.C. § 552(b)(7)(D). We remanded for reconsideration whether those documents were entitled to protection from disclosure in light of the Supreme Court's intervening decision in *United States Department of Justice v. Landano,* 508 U.S. 165, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993). Following our remand, the agencies released some additional materials but continued to withhold others, and filed supplemental declarations. The district court granted summary judgment in favor of the agencies, and Engelking again appealed. We affirm.

■ To the extent Engelking argues that he seeks exculpatory information, a requester's personal need for information is immaterial to whether that information is protect-

ed from disclosure by one of the exemptions to the FOIA. *See U.S. Dept. of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 771, 109 S.Ct. 1468, 1480–1481, 103 L.Ed.2d 774 (1989).

Exemption 7(D) protects from disclosure information compiled for law enforcement purposes to the extent production "could reasonably be expected to disclose the identity of a confidential source ... and, [in the case of a criminal investigation] information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D). A confidential source " 'provide[s] information under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred.' " *Landano,* 508 U.S. at 172, 113 S.Ct. at 2019 (quoting S. REP. No. 1200, 93rd Cong., 2d Sess. 13 (1974), *reprinted in* 1974 U.S.CODE CONG. & ADMIN. NEWS 6285, 6291). In *Landano,* the Supreme Court held there is no presumption that all sources who furnish information to the FBI are "confidential sources," but expressed its expectation that, in most instances, the government can point to circumstances supporting an inference of confidentiality. *Id.* at 174–79, 113 S.Ct. at 2019–23.

Most of the withheld materials in this case constitute information provided pursuant to express assurances of confidentiality or under circumstances strongly implying that an assurance of confidentiality was understood. We need not discuss these materials, which clearly fall within the ambit of Exemption 7(D).

■ With respect to the remaining materials, specifically those identified as pages 12 and 24 in the Supplemental Declaration of Thomas H. Wingate, Jr. ¶ 16, the nature of the crime and the source's relationship to the crime support an inference that the source provided information pursuant to an understanding of confidentiality. *See Landano,* 508 U.S. at 181, 113 S.Ct. at 2024. Engelking's methamphetamine operation was the subject of multiple cooperative investigations by federal, state, and local law enforcement agencies, which ultimately resulted in Engelking's conviction following the seizure of two methamphetamine laboratories, six handguns, and a rifle. In light of the character of the crimes at issue here, particularly the possession of numerous weapons in connection with large-scale drug trafficking, "[m]ost people would think that [sources] would be unwilling to speak to [law enforcement agencies] except on the condition of confidentiality." *Landano,* 508 U.S. at 179, 113 S.Ct. at 2023. *See also Williams v. Federal Bureau of Investigation,* 69 F.3d 1155, 1159 (D.C.Cir. 1995) (per curiam); *Perrone v. Federal Bureau of Investigation,* 908 F.Supp. 24, 27 (D.D.C.1995). In addition, the source gave information about his own activities, as well as those of Engelking and a third party, which implies a sufficiently close relationship to the crime to justify inferring the source spoke on a condition of confidentiality. These materials, therefore, are protected from disclosure by Exemption 7(D).