**Marvin L. BARMES and Barbara J. Barmes, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, United States of America, Defendant.**

**No. TH 97–234–C–M/F.**

United States District Court, S.D. Indiana, Terre Haute Division.

Sept. 4, 1998.

**ENTRY DISCUSSING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

McKINNEY, District Judge.

## I. Background

Plaintiffs bring this action pursuant to the Freedom of Information Act ("FOIA"). The defendant is the Internal Revenue Service, an agency of the United States ("IRS").

Plaintiffs submitted a series of FOIA requests to the IRS. The IRS located over 520 pages from documents within the scope of the plaintiffs' request and provided the great majority of them. The IRS has withheld production of 43 pages in full and 7 pages in part, asserting various exemptions to disclosure under the FOIA. The withheld pages have been submitted *in camera* with a *Vaughn* Index. *See Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C.Cir.1973).

The following table categorizes the documents by number and the corresponding exemptions which are asserted by the IRS.

| Page Numbers of Withheld Documents | Statutory Basis for Exemption | Description of Asserted Exemption |
|---|---|---|
| All of 385–398; 449–454 | 5 U.S.C. § 552b(3) | documents specifically exempted from disclosure by statutes |
| Portions of 71, 380, 413; all of 72–75, 381–384, 414–417 | 5 U.S.C. § 552b(5) | attorney client privilege, attorney work-product privilege |
| Portions of 365, 369, 418 and 432; all of 366, 370, 419, 433–436 | 5 U.S.C. § 552b(5) | deliberative process privilege |
| All of 49, 51, 402 and 406 | 5 U.S.C. § 552b(7)(D) | records compiled for law enforcement purposes which could disclose identity of confidential source |

Barbara J. Barmes, Vincennes, IN, for plaintiff.

Sue Hendricks Bailey, Office of the U.S. Attorney, Indianapolis, IN, Melissa A. Holton, Trail Attorney, Tax Division, Washington, DC, for defendant.

## II. Discussion

### A. Summary Judgment Standard

Summary judgment is proper in a case only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. *Id.*

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Because the IRS seeks the entry of summary judgment and because the plaintiffs are without counsel, the notice required by *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982), was issued.

### B.  The FOIA

The FOIA, part of the Administrative Procedure Act, requires that agencies make certain information available to the public upon request. *See* 5 U.S.C. § 552 *et seq.* The FOIA mandates a policy of broad disclosure of government documents. *Id. See also EPA v. Mink,* 410 U.S. 73, 79–80, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973) (discussing the FOIA's background and principal objectives). Subsection (a) generally requires agencies to disclose information to the public upon proper request. When a request is made,

an agency may withhold a document, or portions thereof, only if the material sought falls within one of the nine statutory exemptions found in subsection (b). 5 U.S.C. § § 552(a) and (b).

■ In FOIA cases, the agency has the burden of demonstrating that the material is exempt from disclosure. *See Department of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 755, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989); *Alyeska Pipeline Service Co. v. U.S. E.P.A.,* 856 F.2d 309, 311 (D.C.Cir.1988); *Vaughn v. Rosen,* 484 F.2d at 823. The FOIA exemptions are explicitly exclusive

and must be narrowly construed in light of FOIA's dominant objective of disclosure. *Patterson v. IRS,* 56 F.3d 832, 835 (7th Cir.1995).

■ To prevail in a FOIA suit, the agency must prove "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Ruotolo v. Dep't of Justice,* 53 F.3d 4, 9 (2d Cir.1995) (citation omitted). The agency must also prove its search satisfied its duty to conduct a "reasonable" search for responsive records. *Zemansky v. U.S. E.P.A.,* 767 F.2d 569, 571 (9th Cir.1985). District courts have jurisdiction to order the production of "agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B).

In a typical FOIA case, the plaintiff must argue that a government agency has improperly withheld requested documents, even though only the agency knows their actual content. *Wiener v. FBI,* 943 F.2d 972, 977 (9th Cir.1991), *cert. denied,* 505 U.S. 1212, 112 S.Ct. 3013, 120 L.Ed.2d 886 (1992). "This lack of knowledge by the party seeking disclosure seriously distorts the traditional adversar[ial process]." *Id.* To address this problem, courts have created methods to be sure the requesting party and the deciding judge have sufficient information upon which to determine whether the government agency properly withheld the requested documents.

In many cases, as in this one, the agency submits the withheld documents for the court's *in camera* inspection. *See Quinon v. FBI,* 86 F.3d 1222, 1227 (D.C.Cir.1996). In other cases, the agency simply produces affidavits setting forth a basis for withholding particular documents or portions thereof. Prior to submitting the withheld documents *in camera,* the IRS had submitted affidavits describing the basis for withholding each document. Therefore, the court in this case had the benefit of both methods of analyzing the contents of the withheld pages.

## C. Analysis

### 1. *FOIA Exemption 3—Other Statutory Exemption*

█ The IRS contends that pages 385–398 and 449–454 are exempt under subsection (b)(3) of the FOIA because they consist of confidential tax return information of another taxpayer not a party to this litigation. FOIA Exemption 3 states that the FOIA does not apply to information specifically exempted from disclosure by statute (other than section 552(b) of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3). 26 U.S.C. § 6103 qualifies as a statute referred to in this exemption. *See King v. IRS*, 688 F.2d 488, 496 (7th Cir.1982). Under that tax code statute, returns and return information are confidential, 26 U.S.C. § 6103(a), and employees and officers of the United States are prohibited from revealing a return or return information of any taxpayer to anyone except those persons designated by the taxpayer, and then only if the Secretary determines that such disclosure would not seriously impair federal tax administration. 26 U.S.C. § 6103(c).

"Return Information" is defined as:

[A] a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received

by, recorded by, prepared by, furnished to, or collected by the Secretary [of the IRS] with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense. . . .

26 U.S.C. § 6103(b)(2)(A).

█ The pages withheld pursuant to Exemption 3 were withheld in their entirety. The plaintiffs argue that the IRS has not sufficiently described the documents nor has it indicated what portions, if any, are segregable.[1] This argument must be carefully considered, for "[i]t is error for a district court to simply approve the withholding of an entire document without entering a finding on segregability, or the lack thereof." *Schiller v. NLRB*, 964 F.2d 1205, 1210 (D.C.Cir.1992)(quoting *Church of Scientology v. U.S. Department of the Army*, 611 F.2d 738, 744 (9th Cir.1979)).

█ The affidavit of Revenue Officer Kennedy describes these pages as "transcripts containing a variety of tax data concerning third party taxpayers, including names, addresses, social security numbers, banking information, amount of wages, amount of capital gains, amount of dividends, amount of taxes withheld, amount of FICA taxes withheld, amount of Medicare taxes withheld, and other detailed information concerning taxes paid, adjustments, and refunds." The IRS affidavit describes the documents at issue with sufficient specificity. The court's *in camera* inspection of these documents, moreover, shows them to be precisely as the Kennedy affidavit describes them, and also finds these documents not segregable. Therefore, these documents 385–398 and

---

**1.** The FOIA has a segregability requirement as follows:

Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection. The amount of information deleted shall be indicated on the released portion of the record, unless including that indication would harm an interest protected by the exemption in this subsection under which the deletion is made. If technically feasible, the amount of the information shall be indicated at the place in the record where such deletion is made.

5 U.S.C. § 552(b).

449–454 were properly withheld in their entirety.

### 2. *FOIA Exemption 5—Attorney Client / Work Product*

The IRS contends that portions of pages 71, 380 and 413 and all of pages 72–75, 381–384, 414–417 are exempt under subsection (b)(5) of the FOIA. Exemption 5 protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. S 552(b)(5). Courts have interpreted Exemption 5 to apply to documents not ordinarily discoverable in civil litigation. *See Schiller*, 964 F.2d 1205. Exemption 5 includes three common law and statutory privileges: (1) the attorney-client privilege; (2) the attorney work-product privilege; and (3) the deliberative process privilege. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975).

The attorney-client privilege encompasses information from a client to his or her attorney and advice from an attorney to a client which reflects that information. *Schlefer v. United States*, 702 F.2d 233, 245 (D.C.Cir.1983). In addition, communications between an agency decisionmaker and other agency attorneys fall within the attorney-client privilege. *See, e.g., Linn v. U.S. Dep't of Justice*, 1995 WL 631847, *33 (D.D.C.1995). The attorney-client privilege also covers legal advice solicited by agency employees from agency attorneys so long as the employee-supplied information is confidential. *Coastal States Gas Corp. v. Dept. of Energy*, 617 F.2d 854, 863 (D.C.Cir.1980). Documents prepared in anticipation of foreseeable litigation are protected by the attorney work-product privilege. *Schiller*, 964 F.2d at 1208.

The IRS has established by affidavit that the above pages constitute the "Law and Analysis" portion of a pre-decisional memorandum prepared by an IRS attorney in response to a request by a revenue officer to file certain liens pursuant to collection efforts against the plaintiffs. These pages apply case law to the facts of the collection case against the plaintiffs and include recommendations of additional administrative actions that could be taken. As such, these documents were generated as confidential legal advice from an attorney to his client and were prepared in anticipation of litigation (suit to foreclose liens). In addition, after conducting an *in camera* review of the documents, the court finds that only the law, analysis and recommendations sections of the documents were withheld and that any segregable portions have been properly released to the plaintiffs.

### 3. *FOIA Exemption 5—Deliberative Privilege*

The IRS asserts that portions of pages 365, 369, 418 and 432 and all of pages of 366, 370, 419, 433–436 constitute the "Recommendation" sections of memoranda written by a revenue officer to an IRS attorney requesting the government to file a foreclosure action against a certain notice of federal tax lien. The memoranda discuss and analyze various options of collecting tax liabilities owed by the plaintiffs.

In order to qualify for withholding under the deliberative process privilege of Exemption 5, a document must be both: (1) "predecisional," such that it was prepared in order to assist an agency decisionmaker in arriving at his decision, rather than to support a decision already made; and (2) "deliberative," such that it "reflects the give-and-take of the consultative process," rather than being an interpretation of existing decisions or policies or a description of purely factual matters. *Petroleum Information Corp. v. U.S. Dept. of Interior*, 976 F.2d 1429, 1434 (D.C.Cir. 1992) (citations omitted); *Cliff v. Internal Revenue Serv.*, 496 F.Supp. 568, 575 (1980) (citing *Coastal States*, 617 F.2d at 866). *See also Sears, Roebuck*, 421 U.S. at 151, 95 S.Ct. 1504. The primary purpose of the exemption is to protect the quality of agency decisions and encourage candid

discussion within an agency. *Petroleum Information Corp.*, 976 F.2d at 1434–35 (citations omitted).

■ In this case, the memoranda discuss and analyze various options of collecting tax liabilities owed by the plaintiffs. The portions of the documents described were generated before any decision to impose liens to enforce the plaintiffs' tax liability was made and were part of the actual give-and-take decisionmaking process within the agency rather than an interpretation of an existing decision or a description of purely factual matters. *See Fischer v. IRS*, 621 F.Supp. 835, 836–37 (N.D.N.Y.1985) (internal working papers formulating and expressing opinions concerning the agency's treatment of "tax protester" questions are intra-agency documents shielded for disclosure under section 552(b)(5)). *See also Rosenthal and Schanfield v. IRS*, 1980 WL 1590 at *2 (N.D.Ill. 1980) (citing *Renegotiation Bd. v. Grumman Aircraft Engineering Corp.*, 421 U.S. 168, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975) ("Predicisional, deliberative communications, prepared during the decision making process and used as a basis for discussion, however, are precisely the type of materials that the exemption was designed to encompass.")). These pages were properly withheld.

### 4. FOIA Exemption 7(D)—Confidential Source

The IRS contends that pages 49, 51, 402 and 406 were withheld pursuant to Exemption 7(D) to protect the confidentiality of an informant. Exemption 7(D) permits nondisclosure of the following:

records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to disclose the identity of a confidential source....

5 U.S.C. § 552(b)(7)(D).

■ To withhold a document pursuant to Exemption 7(D), an agency must make a threshold showing that it was "compiled for law enforcement purposes."

5 U.S.C. § 552(b)(7). A record is deemed to have been compiled for such a purpose if it was created or acquired in the course of an investigation "related to the enforcement of federal laws," and "the nexus between the investigation and one of the agency's law enforcement duties [is] based on information sufficient to support at least a colorable claim of its rationality." *Pratt v. Webster*, 673 F.2d 408, 420–21 (D.C.Cir.1982) (internal quotation marks omitted). Moreover, an agency must show that a source provided information to the agency either "under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred." *Dep't of Justice v. Landano*, 508 U.S. 165, 172, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993) (quoting Congressional report). *See also Engelking v. Drug Enforcement Administration*, 119 F.3d 980, 981 (D.C.Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 890, 139 L.Ed.2d 876 (1998) ("in most instances, the government can point to circumstances supporting an inference of confidentiality.").

■ The affidavit of Revenue Officer Kennedy states that the four documents at issue (pages 402 and 406 are identical) constitute a memorandum of a telephone call of an individual wanting to report violations of tax laws, a handwritten memorandum of a telephone interview with that informant (which includes detailed grounds for that person's knowledge of law violations) and a form detailing the source, subject and circumstances of the confidential information. The affidavit also establishes that the records were created in the course of an investigation related to the enforcement of the internal revenue laws and that they relate to an individual who provided information concerning the plaintiffs' tax liability, to whom express assurances of confidentiality had been given. Furthermore, the court finds, after *in camera* review, that these records were not reasonably segregable and were properly withheld in their entirety.

### III.  Conclusion

The "FOIA imposes on agencies the burden of proving that withheld materials are exempt from disclosure." *Maricopa Audubon Soc'y v. United States Forest Serv.,* 108 F.3d 1082, 1085 (9th Cir. 1997) (citing 5 U.S.C. § 552(a)(4)(B)). The FOIA directs trial courts to review *de novo* the applicability of the particular exemptions cited by the agency to the withheld documents.  5 U.S.C. § 552(a)(4)(B). That review has been conducted in this case, and the question of whether a document fits within one of FOIA's prescribed exemptions is one of law.  *Ethyl Corp. v. U.S. E.P.A.,* 25 F.3d 1241, 1246 (4th Cir. 1994).  In this case, the IRS has satisfied its burden and established that the pages it withheld from the plaintiffs fall within the claimed categories of exemption.  The motion for summary filed by the IRS must therefore be **granted.**  The costs of this action are assessed against the plaintiffs and final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**