**Arthur M. SCHILLER, Appellant,**

v.

**NATIONAL LABOR RELATIONS BOARD, et al., Appellees.**

No. 91–5058.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 7, 1991.

Decided May 29, 1992.

Arthur M. Schiller, pro se.

Winn Newman and Sharon L. Papp, Washington, D.C., were on the brief, for appellant.

Abby Propis Simms, Sr. Litigation Atty., N.L.R.B., with whom Jerry M. Hunter, Gen. Counsel, and Margery E. Lieber, Asst. Gen. Counsel, Washington, D.C., were on the brief, for appellees.

Before MIKVA, Chief Judge, SILBERMAN and RANDOLPH, Circuit Judges.

Opinion for the court filed by Chief Judge MIKVA.

MIKVA, Chief Judge:

The Freedom of Information Act permits federal agencies to deny disclosure of material that falls within any of the listed exemptions. *See* 5 U.S.C. § 552(a)–(b). FOIA also requires agencies to disclose "[a]ny reasonably segregable portion" of a withheld document. 5 U.S.C. § 552(b). In this case, the National Labor Relations Board invoked FOIA's exemptions to withhold five documents concerning the Board's implementation of the Equal Access to Justice Act, but the Board did not disclose "reasonably segregable" portions of the documents nor explain why nothing in the documents could be segregated and disclosed. The district court sustained the Board's refusal to comply with the FOIA request without addressing the statutory segregability requirement. We affirm the district court to the extent that it held that each of the withheld documents contains information privileged under FOIA. Because, however, it is not for us to decide in the first instance whether the documents contain any information that can be segregated and disclosed, we remand for that purpose.

I

Four years ago, Appellant Arthur M. Schiller submitted a FOIA request to the NLRB asking for all memoranda and instructions pertaining to the implementation of the Equal Access to Justice Act, 5 U.S.C. § 504. Under EAJA, prevailing parties in certain adversary administrative proceedings may recover attorney's fees and costs from the government. In response to the FOIA request, the NLRB told Mr. Schiller that it had identified nine relevant documents. The Board disclosed four of the documents, plus the attachments to two additional ones. The Board withheld the remaining five documents, as well as attachments to two of those.

Mr. Schiller contested the NLRB's decision to withhold the five documents. After exhausting administrative remedies, Mr. Schiller sued in district court. To justify its decision to withhold the documents, the Board submitted a *Vaughn* index to the court. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). The Board later amended its *Vaughn* index and also submitted the affidavit of John H. Higgins, Jr., the Board's Deputy General Counsel, explaining the Board's response to Mr. Schiller's FOIA request and attempting to justify the Board's actions. The Board claimed that all of the documents were privileged from disclosure under exemption 2, which applies to information "related solely to the internal personnel rules and practices of an agency," 5 U.S.C. § 552(b)(2), and under exemption 5, which applies to "inter-agency or intra-agency

memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency," *id.* § 552(b)(5). The Board claimed that two of the documents were privileged under exemption 7(E), which protects "investigatory records compiled for law enforcement purposes" to the extent they "disclose investigative techniques and procedures." *Id.* § 552(b)(7)(E).

After inspecting the documents *in camera,* the district court granted the Board's motion for summary judgment, finding that all five documents were appropriately withheld under exemption 2 and, alternatively, exemption 5. The district court did not consider whether any documents were properly withheld under exemption 7(E).

## II

### A. *The Exemptions*

Under FOIA, "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). The district court held that the Board, with its *Vaughn* index and affidavit, met its burden of showing that each of the five documents contains information privileged under exemption 2 or exemption 5. We agree.

■ 1. *Exemption 2.* Matters "related solely to the internal personnel rules and practices of an agency" are exempt from disclosure. 5 U.S.C. § 552(b)(2). Exemption 2, we have held, applies to material "used for predominantly internal purposes." *Crooker v. Bureau of Alcohol, Tobacco & Firearms,* 670 F.2d 1051, 1073 (D.C.Cir.1981) (en banc). If the threshold test of predominant internality is met, an agency may withhold the material "by proving that either [1] 'disclosure may risk circumvention of agency regulation,' or [2] 'the material relates to trivial administrative matters of no genuine public interest.'" *Schwaner v. Department of Air Force,* 898 F.2d 793, 794 (D.C.Cir.1990) (citations omitted). Predominantly internal documents the disclosure of which would risk circumvention of agency statutes and regulations are protected by the so-called "high 2" exemption. Predominantly internal documents that deal with trivial administrative matters fall under the "low 2" exemption.

■ The district court committed no error in finding, based on the *Vaughn* index and affidavit, that each of the withheld documents contains information that is predominantly internal, satisfying the threshold test under exemption 2. Contrary to Mr. Schiller's description, the *Vaughn* index does not contain only conclusory statements to justify predominant internality. Though terse, the index describes the content of each document in sufficient detail to justify a conclusion that each document contains predominantly internal information. To pick one example, the *Vaughn* index states that document 5 "includes internal time deadlines, instructions as to which agency division to contact for assistance, and recordkeeping directions." That is enough to get the information the index describes over the hurdle of predominant internality.

The *Vaughn* index reveals that several of the documents also contain information about litigation strategy. In Mr. Schiller's view, that information is not predominantly internal because it involves the NLRB's relations with outsiders—individuals with whom the Board is litigating. But as we said in our leading case on exemption 2, "any 'internal personnel rules and practices of an agency' [have] some effect on the public-at-large." *Crooker,* 670 F.2d at 1073. *Crooker* involved a Bureau of Alcohol, Tobacco & Firearms training manual that included information on surveillance techniques. Although surveillance techniques involve the agency's interaction with outsiders—suspects, namely—we held that the manual was predominantly internal because it was designed to establish rules and practices for agency personnel and because it involved no "'secret law' of the agency." *Id.* at 1073. The portions of the withheld documents here concerning litigation strategy similarly establish rules and practices for agency personnel, and Mr. Schiller has given us no reason to think that the documents contain any "secret law."

The *Vaughn* index and affidavit make plain that documents 5, 6 and 8 contain trivial administrative matters of no genuine public interest and therefore fall under the "low 2" exemption. The documents, according to the *Vaughn* index and affidavit, contain internal time deadlines and procedures, recordkeeping directions, instructions on which agency officials to contact for assistance, and guidelines on when clearance from Washington is necessary for certain decisions—housekeeping matters appropriately withheld under exemption 2.

■ We doubt that the litigation strategy described in documents 7 and 9 fits under the "low 2" exemption for trivial administrative matters. That information, however, does qualify as "high 2" material because its disclosure would risk circumvention of statutes or agency regulations. To be sure, the Equal Access to Justice Act is not a penal or enforcement statute; it is a fee-shifting statute unlike the laws regulating the use of tobacco, alcohol and firearms that could have been circumvented had the manual in *Crooker* been disclosed. But we have not limited the "high 2" exemption to situations where penal or enforcement statutes could be circumvented. Rather, we have held that "[w]here disclosure of a particular set of documents would render those documents operationally useless, the *Crooker* analysis is satisfied whether or not the agency identifies a specific statute or regulation threatened by disclosure." *National Treasury Employees Union v. United States Customs Serv.*, 802 F.2d 525, 530–31 (D.C.Cir.1986) ("*NTEU*"). As in *NTEU*, disclosure of documents containing guidelines on implementing the Equal Access to Justice Act "would quickly render those documents obsolete for the purpose for which they were designed," *id.* at 530, compromising the Board's ability to defend itself in EAJA actions. We conclude that each of the five withheld documents contains information privileged under exemption 2.

■ 2. *Exemption 5.* The NLRB may refuse to disclose "memorandums or letters which would not be available by law to a party other than the agency in litigation with the agency." 5 U.S.C. 552(b)(5). Exemption 5 ensures that members of the public cannot obtain through FOIA what they could not ordinarily obtain through discovery undertaken in a lawsuit against the agency. *EPA v. Mink*, 410 U.S. 73, 85–86, 93 S.Ct. 827, 835, 35 L.Ed.2d 119 (1973). Accordingly, exemption 5 " 'exempt[s] those documents . . . normally privileged in the civil discovery context.' " *United States Dep't of Justice v. Julian*, 486 U.S. 1, 11, 108 S.Ct. 1606, 1613, 100 L.Ed.2d 1 (1988) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149, 95 S.Ct. 1504, 1515, 44 L.Ed.2d 29 (1975)).

■ The *Vaughn* Index states that document 7 contains tips for handling unfair labor practice cases that could affect subsequent EAJA litigation, that document 9 contains advice on how to build an EAJA defense and how to litigate EAJA cases, and that documents 5, 6 and 8, when read in connection with their attachments, provide instructions on preparing and filing pleadings in EAJA cases, including arguments and authorities. That sort of information—prepared in anticipation of litigation—falls within the attorney work-product privilege and, therefore, within exemption 5. *See FTC v. Grolier, Inc.*, 462 U.S. 19, 20, 103 S.Ct. 2209, 2210, 76 L.Ed.2d 387 (1983). Mr. Schiller contends that the work-product doctrine requires that the documents be created in anticipation of litigation over a specific claim. But we have already rejected that argument. Exemption 5 extends to documents prepared in anticipation of foreseeable litigation, even if no specific claim is contemplated. *See Delaney, Migdail & Young, Chartered v. IRS*, 826 F.2d 124, 127 (D.C.Cir.1987).

Although the *Vaughn* index justifies a conclusion that all five documents contain information that falls under exemption 5, our review of the documents reveals that one document does not in fact contain exemption 5 information. The *Vaughn* index states that "[r]ead with its disclosed attachments, [document 6] suggests litigation strategies, specifically how to prepare and file answers or motions to dismiss, includ-

ing suggested arguments and supporting case law." But the only portion of the one-page memorandum that even remotely fits that description is footnote #3—and that merely says that guidance in the preparation of answers may be obtained from the attached materials (materials that were disclosed), or from a certain NLRB official. Document 6 does not contain information privileged under exemption 5.

That conclusion does not alter the result in this case because document 6 does contain trivial administrative information privileged under exemption 2. We are distressed, nevertheless, that our *in camera* and *ex parte* review of the documents raises questions about the accuracy of the *Vaughn* index submitted by the NLRB.

FOIA litigation is not immune from our open, adversary process. *In camera, ex parte* review, though permitted under FOIA and sometimes necessary, is generally disfavored—it "is not a substitute" for the government's obligation to justify its withholding in publicly available and debatable documents, *Lykins v. United States Dep't of Justice*, 725 F.2d 1455, 1463 (D.C.Cir.1984), and it should be invoked only when the issue at hand " 'could not be otherwise resolved,' " *Center for Auto Safety v. EPA*, 731 F.2d 16, 21 (D.C.Cir. 1984) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224, 98 S.Ct. 2311, 2318, 57 L.Ed.2d 159 (1978)). The purpose of the *Vaughn* index is "to permit adequate adversary testing of the agency's claimed right to an exemption," *NTEU*, 802 F.2d at 527, and those who contest denials of FOIA requests—who are, necessarily, at a disadvantage because they have not seen the withheld documents—can generally prevail only by showing that the agency's *Vaughn* index does not justify withholding information under the exemptions invoked. FOIA litigants are entitled to assume that the agency's *Vaughn* index is accurate in every detail. And so is the court. There is no excuse for submitting a *Vaughn* index that contains errors, even minor ones. We expect agencies to ensure that their submissions in FOIA cases are absolutely accurate.

3. *Exemption 7.* Because the district court did not address the Board's claim that exemption 7(E) protects documents 7 and 9, we do not. On remand, the district court is free to address exemption 7(E) if it concludes that the documents contain reasonably segregable information not exempt under exemptions 2 or 5.

## B. *The Segregability Requirement*

■ By 1977, it had "long been a rule in this Circuit that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." *Mead Data Central, Inc. v. United States Dep't of Air Force*, 566 F.2d 242, 260 (1977). Since 1974, when Congress incorporated that rule into FOIA, the segregability requirement has been the law of the land. *See* Pub.L. No. 93–502, § 2, 88 Stat. 1561 (1974). Under FOIA, administrative agencies "shall" disclose "[a]ny reasonably segregable portion of a record ... after deletion of the portions which are exempt," 5 U.S.C. § 522(b). "The 'segregability' requirement applies to all [§ 552] documents and all exemptions in the FOIA." *Center for Auto Safety*, 731 F.2d at 21. Both the Board and the district court appear to have overlooked the segregability requirement.

■ The Board's *Vaughn* index proceeds memorandum by memorandum, describing each one and stating that "[t]his memorandum is exempt from disclosure under" exemptions 2 and 5 and (in two cases) 7(E). The index does not correlate the claimed exemptions to particular passages in the memos. The agency affidavit similarly refers to entire documents and not any passages within them. The index and affidavit, in other words, are written in terms of documents, not information, but "[t]he focus in the FOIA is information, not documents, and an agency cannot justify withholding an entire document simply by showing that it contains some exempt material." *Mead Data Central, Inc.*, 566 F.2d at 260.

Rather than asserting that certain exemptions apply to certain documents, the Board should have "correlate[d] the theories of exemptions with the particular tex-

tual segments which it desired exempted." *Schwartz v. IRS*, 511 F.2d 1303, 1306 (D.C.Cir.1975). As we more recently said:

> [T]he withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and *correlating those claims with the particular part of a withheld document to which they apply.*

*King v. United States Dep't of Justice*, 830 F.2d 210, 224 (D.C.Cir.1987) (emphasis added). *Vaughn* itself requires agencies to "specify in detail which portions of the document are disclosable and which are allegedly exempt." 484 F.2d at 827. A submission that does not do that does not even qualify as a *"Vaughn* index."

The district court did not hold the Board to its obligation to disclose reasonably segregable information. " '[I]t is error for a district court to simply approve the withholding of an entire document without entering a finding on segregability, or the lack thereof.' " *Powell v. United States Bureau of Prisons*, 927 F.2d 1239, 1242 n. 4 (D.C.Cir.1991) (quoting *Church of Scientology v. Department of the Army*, 611 F.2d 738, 744 (9th Cir.1979)). Because the district court approved the withholding of all five documents without entering a finding on segregability or the lack thereof, we remand this case for further proceedings to determine whether or not the documents contain passages that can be segregated and disclosed.

### III

We affirm the district court to the extent that it found that each of the withheld documents contains information privileged under FOIA. We remand, however, for the district court to enforce FOIA's requirement that agencies disclose reasonably segregable portions of withheld documents.

*It is .so ordered.*