JUDICIAL WATCH, INC., Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE et al., Defendants.

No. CIV. 02–348(EGS).

United States District Court, District of Columbia.

Oct. 7, 2004.

Jason B. Aldrich, Larry Klayman, Paul J. Orfanedes, Judicial Watch, Inc., Washington, DC, for Plaintiff.

Sharad S. Khandelwal, Steven Y. Bressler, U.S. Department of Justice, Sherri Evans Harris, United States Attorney's Office, Washington, DC, for Defendant.

**MEMORANDUM OPINION AND ORDER** [1]

SULLIVAN, District Judge.

## I. INTRODUCTION

On March 31, 2004, after an *in camera* review of nine emails withheld by defendants pursuant to claims of exemption from the Freedom of Information Act ("FOIA") disclosure requirements, this Court found that the nine emails were "properly withheld under Exemption 5, as the documents are protected by both the deliberative process privilege and the attorney work-product doctrine." *See* March 31, 2004, Order; *see also* 5 U.S.C. § 552(b)(5) ("inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency" are exempt from FOIA disclosure requirements). However, while finding that the withheld documents are indeed privileged, the Court also held that defendants had not made a "good faith effort" to provide plaintiff with a reasonably segregable portion of each withheld document, and ordered defendants to file properly redacted versions of each email. *See* March 31, 2004, Order; 5 U.S.C. § 552(b) (segregability requirement).

■ Pending before the Court is defendants' motion for reconsideration of the March 31, 2004, Order. Defendants now argue that because the Court found the documents were properly withheld pursuant to the work-product doctrine encompassed in Exemption 5, they need not provide plaintiff with redacted versions of the emails. Accordingly, the sole issue before the Court is whether the nine emails are properly withheld in their entirety, or

1. The Court originally issued this Order on September 2, 2004. It is now reissued and published—without any substantive changes—as a Memorandum Opinion and Order.

whether defendants must, pursuant to FOIA, provide plaintiffs with a "reasonably segregable portion" of each document. *See* 5 U.S.C. § 552(b) ("[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection").

Upon careful consideration of the motion, the response and reply thereto, as well as the governing statutory and case law, and for the following reasons, it is by the Court hereby **ORDERED** that defendants' motion for reconsideration is **DENIED**.

## II. ANALYSIS

The plain language of FOIA states "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b)(modifying all FOIA exemptions listed in § 552(b)). Despite this clear language applying the segregability requirement to *every* exemption, including Exemption 5, defendants argue that while the segregability requirement may apply to documents withheld under other privileges, including the Exemption 5 deliberative process privilege, it does not apply to documents withheld under the Exemption 5 work-product privilege. Defendants posit that because the March 31, 2004, Order found the documents were properly withheld under *both* the deliberative process privilege and the attorney work-product doctrine, the segregability requirement is not applicable to these documents. *See* Defs.' Mot. for Reconsideration at 2.

█ Defendants' argument, however, ignores FOIA's clear statutory language. The segregability requirement—"any reasonably segregable portion of a record shall be provided to any person requesting

such record after deletion of the portions which are exempt under this subsection"— does not carve out an exception for documents withheld pursuant to certain privileges. Rather, the requirement demands that regardless of *which* of the nine exemptions defendants assert, they must provide reasonably segregable portions of the properly withheld documents. Indeed, the Circuit has made clear that FOIA's segregabilty requirement applies to *every* FOIA exemption: "[t]he 'segregability' requirement applies to *all documents and all exemptions* in the FOIA." *Schiller v. N.L.R.B*, 964 F.2d 1205, 1209 (D.C.Cir. 1992) (applying this requirement to documents withheld under Exemption 5) (quoting *Center for Auto Safety v. E.P.A*, 731 F.2d 16, 21 (D.C.Cir.1984))(emphasis added); *Krikorian v. Department of State*, 984 F.2d 461, 466 (D.C.Cir.1993) ("It has long been a rule in this Circuit that nonexempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions ... We have made clear that [t]he 'segregability' requirement applies to *all documents* and *all exemptions in the FOIA*.") (internal citation and quotation omitted)(emphasis added).

█ Here, while properly invoking Exemption 5, defendants produced completely redacted versions of the nine withheld emails, making no effort to disclose factual, non-deliberative materials. The Court is cognizant that the question of whether defendants must do so essentially pits the important attorney work-product protections against FOIA's disclosure mandate. It is, of course, well settled that the scope of the work-product privilege is broad, and often shields a whole document from opposing counsel's discovery requests. *See, e.g., Upjohn Co. v. U.S.*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); *Hickman v. Taylor*, 329 U.S. 495,

67 S.Ct. 385, 91 L.Ed. 451 (1947); Fed. R.Civ.P. 26(b)(3).[2] Thus, this wide-reaching protection for attorney work-product runs headlong into FOIA's broad disclosure and segregability requirements.

In their motion for reconsideration, defendants rely heavily on two cases, *Tax Analysts v. IRS,* 117 F.3d 607 (D.C.Cir. 1997), and *Martin v. Office of Special Counsel,* 819 F.2d 1181 (D.C.Cir.1987). In *Tax Analysts,* the Circuit noted that in the FOIA context

> the work product doctrine shields materials prepared in anticipation of litigation or for trial by or for [a] party or by or for that ... party's representative (including the ... party's attorney, consultant, ... or agent)...[t]he work product doctrine protects such deliberative materials but it also protects factual materials prepared in anticipation of litigation... Any part of [a document] prepared in anticipation of litigation, not just the portions concerning opinions, legal theories, and the like, is protected by the work product doctrine and falls under exemption 5.

*Tax Analysts,* 117 F.3d at 620 (internal citation and quotation omitted). While not specifically referencing Section 522(b)'s segregability requirement, *Tax Analysts* can fairly be read to stand for the proposition that factual materials and deliberative materials are equally protected under Exemption 5. The earlier *Martin* opinion, again not specifically referencing the segregability requirement, made this same observation: "The work product privilege simply does not distinguish between factual and deliberative material... if the work product privilege protects the documents at issue ... Exemption b(5) protects them

as well, regardless of their status as 'factual' or 'deliberative.' ". *Martin,* 819 F.2d at 1187.

■ Thus, what is most clear is that the law in this Circuit on the interaction between FOIA's segregability requirement and the attorney work-product protection is *unclear.* Cognizant of *Tax Analysts* and *Martin,* as well as the importance of the attorney work-product protections, the Court cannot overlook FOIA's plain language: the statutory text of FOIA contains no limitation on the application of the segregability requirement. Nor can the Court ignore this Circuit's repeated admonitions that the segregability requirement applies with equal force to all FOIA exemptions. Indeed, even in the Exemption 5 context, this Circuit has made clear that the question of whether information is segregable turns on whether purely factual information can be separated from deliberative portions of a document.

> Exemption 5 applies only to the deliberative portion of a document and not to any purely factual, non-exempt information the document contains. Non-exempt information must be disclosed if it is 'reasonably segregable' from exempt portions of the record, and the agency bears the burden of showing that no such segregable information exists.

*Army Times Pub. Co. v. Department of Air Force,* 998 F.2d 1067, 1071 (D.C.Cir. 1993) (internal citations omitted). A distinction can be drawn between material that is deliberative in nature and that which is merely factual, as "purely factual information is generally considered non-deliberative, and is therefore not typically covered by this exemption ...[and] must therefore be disclosed even when con-

---

**2.** While work-product protection is strong, it is not absolute; materials classified as work-product must be disclosed during discovery upon a showing of "substantial need and inability to obtain the equivalent without undue hardship." *Upjohn,* 449 U.S. at 400, 101 S.Ct. 677; *see also* Fed.R.Civ.P. 26(b)(3).

tained in an otherwise protected document, unless the factual material is 'inextricably intertwined' with, or incapable of being segregated from, the exempt material." *American Civil Liberties Union v. U.S. Dept. of Justice,* 265 F.Supp.2d 20, 33 (D.D.C.2003) (applying segregability requirement to documents withheld pursuant to Exemption 5); *see also Trans–Pacific Policing Agreement v. U.S. Customs Service,* 177 F.3d 1022 (D.C.Cir.1999) (applying segregability requirement to documents withheld under Exemption 4, and noting "it has long been a rule in this Circuit that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions") (quoting *Mead Data Cent., Inc. v. United States Dep't of the Air Force,* 566 F.2d 242, 260 (D.C.Cir.1977)).

Accordingly, the Court holds that defendants do have a duty to release segregable information—that is, information that is not inextricably intertwined with protected information—pursuant to FOIA's plain language. The Court emphasizes that it is not dictating what, or even how much, information must be released. Rather, noting that the entirety of defendants' motion for reconsideration argues that defendants need not even *attempt* to separate factual material from documents protected by the work-product privilege, the Court simply finds that defendants have not made the required effort to determine if any information in the nine emails is reasonably segregable.

Accordingly, it is by the Court hereby

ORDERED that defendants' motion for reconsideration is DENIED.