# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued October 31, 2005       Decided December 27, 2005

No. 04-5444

JUDICIAL WATCH, INC.,
APPELLEE

v.

DEPARTMENT OF JUSTICE,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 02cv00348)

———

*Steve Frank*, Attorney, U.S. Department of Justice, argued the cause for appellant. With him on the briefs were *Peter D. Keisler*, Assistant Attorney General, *Kenneth L. Wainstein*, U.S. Attorney, and *Leonard Schaitman*, Attorney.

*James F. Peterson* argued the cause for appellee. With him on the brief was *Paul J. Orfanedes*.

Before: ROGERS, *Circuit Judge,* and EDWARDS[*] and WILLIAMS, *Senior Circuit Judges*.

———

[*]Senior Circuit Judge Edwards was in regular active service at the time of oral argument.

Opinion for the Court filed by *Senior Circuit Judge* EDWARDS.

EDWARDS, *Senior Circuit Judge*: Appellee, Judicial Watch, Inc. ("Judicial Watch"), brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2000 & Supp. II 2002), seeking, *inter alia*, disclosure of documents relating to the United States' participation as *amicus curiae* in *Boim v. Quranic Literacy Institute*, 291 F.3d 1000 (7th Cir. 2002). As the case proceeded before the District Court, the subject of the parties' dispute finally focused on nine emails, totaling 13 pages, withheld by the Government pursuant to the deliberative process privilege and the attorney work-product doctrine under Exemption 5 of FOIA, 5 U.S.C. § 552(b)(5).

It is uncontested that all nine emails involve communications between Department of Justice ("DOJ") officials, containing discussions about whether DOJ should file an *amicus* brief in the *Boim* litigation and what the Department's position should be if such a brief were filed. *See* Supplemental Decl. Pustay ¶ 4, *reprinted in* Joint Appendix ("J.A.") 118-19. "Each of these e-mails was written by and/or to attorneys in relation to the *Boim* case or other litigation involving designated foreign terrorist organizations." Decl. Pustay ¶ 22, *reprinted in* J.A. 40. On March 31, 2004, following an *in camera* review of the disputed documents, the District Court held that the emails "were properly withheld under Exemption 5, as the documents are protected by both the deliberative process privilege and the attorney work-product doctrine." *Judicial Watch, Inc. v. DOJ*, CA No. 02-348, Order at 2 (Mar. 31, 2004).

Although the District Court concluded that the emails were properly withheld under Exemption 5, it agreed with Judicial Watch that, under 5 U.S.C. § 552(b), the Government was obligated "to disclose any 'reasonably segregable portion' of the documents." *Id.* at 2. Finding that the Government "[had] not made a good faith effort to provide [Judicial Watch] with a

'reasonably segregable portion' of each document," the District Court ordered DOJ to "file with [Judicial Watch] and the Court appropriately redacted versions of each document by no later than April 12, 2004." *Id.* at 3. Pursuant to this decision, the District Court granted in part and denied in part the parties' respective motions for summary judgment.

On April 5, 2004, the Government moved for reconsideration of the March 31 Order, or, in the alternative, for a stay pending appeal. The Government contended that, given the trial court's finding that the emails were properly withheld under the work-product doctrine, segregability was not required. In the Government's view, "the work product doctrine protects all materials prepared in reasonable anticipation of litigation, whether factual or deliberative in nature." Br. for Appellant at 6. On April 8, 2004, the District Court issued an Order staying the court's March 31 Order pending resolution of the Government's motion for reconsideration.

On September 2, 2004, the District Court denied the Government's motion for reconsideration, holding that "[t]he plain language of FOIA states that '[a]ny reasonably segregable portion of the record shall be provided to any person requesting such record after deletion of the portions which are exempt.'" *Judicial Watch, Inc. v. DOJ*, 337 F. Supp. 2d 183, 185 (D.D.C. 2004) (quoting 5 U.S.C. § 552(b)) (final alteration in original). The District Court reinstated its March 31 Order, "emphasiz[ing] that it is not dictating what, or even how much, information must be released." *Id.* at 187. Rather, the trial court rejected DOJ's argument "that defendants need not even *attempt* to separate factual material from documents protected by the work-product privilege." *Id.* The District Court granted the Government's motion for a stay pending appeal, and the Government filed a timely notice of appeal on October 27, 2004.

---

As a preliminary matter, Judicial Watch argues that, because the District Court's Orders of March 31 and September 2 "do not require the government to disclose the records in dispute in this case until they first undertake certain actions, the outcome of which is not known, the orders are not final and, therefore, subject to appeal." Br. for Appellee at 1. Because we find that the District Court's Orders are final and appealable, we reject Judicial Watch's suggestion that we lack jurisdiction to consider this matter.

The District Court's March 31 Order held that the Government "[had] not made a good faith effort to *provide* [Judicial Watch] with a 'reasonably segregable portion' of each document," and ordered the Government to "*file* with [Judicial Watch] and the Court appropriately redacted versions of each document by no later than April 12, 2004." Order (Mar. 31, 2004) at 3 (emphasis added). In other words, the March 31 Order compelled the Government to disclose particular documents. The District Court's subsequent September 2 Order, denying the Government's motion for reconsideration, did not in any way negate the March 31 Order, or its requirement that DOJ release redacted versions of the nine emails. The District Court knew that the Government's principal argument was that there was nothing to release, because every document, in its entirety, was "work product" and thus exempt from disclosure. The District Court nonetheless reaffirmed its March 31 Order, and then granted a stay pending appeal.

On this record, there is no doubt that the Government's appeal is not premature. "In a[] FOIA case a 'final decision' is an order by the District Court requiring release of documents by the Government to the plaintiff . . . ." *Green v. Dep't of Commerce*, 618 F.2d 836, 841 (D.C. Cir. 1980). That is precisely the situation here. The trial court unequivocally rejected the Government's legal position regarding the substantive protection afforded by the attorney work-product

doctrine under Exemption 5 of FOIA, and ordered the Government to disclose materials for which it claimed exemption.  In these circumstances, the Orders of the District Court are final and appealable.  *"*To hold otherwise would be to force the government to let the cat out of the bag, without any effective way of recapturing it if the district court's directive was ultimately found to be erroneous.*"  Irons v. FBI*, 811 F.2d 681, 683 (1st Cir. 1987).

---

On the merits, our review of the grant of summary judgment is *de novo*, applying the same standards as the District Court. *See Schrecker v. DOJ*, 349 F.3d 657, 661-62 (D.C. Cir. 2003); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

Exemption 5, 5 U.S.C. § 552(b)(5), states that FOIA "does not apply to matters that are . . . inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." FOIA's "reasonably segregable" provision, under 5 U.S.C. § 552(b), states:

> Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection.  The amount of information deleted shall be indicated on the released portion of the record, unless including that indication would harm an interest protected by the exemption in this subsection under which the deletion is made.  If technically feasible, the amount of the information deleted shall be indicated at the place in the record where such deletion is made.

The dispute in this case requires us to explain how these two provisions work in conjunction.

FOIA Exemption 5 incorporates the work-product doctrine and protects against the disclosure of attorney work product. The work-product doctrine shields materials "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." FED. R. CIV. P. 26(b)(3); *Tax Analysts v. IRS,* 117 F.3d 607, 620 (D.C. Cir. 1997). And, as the Supreme Court has made clear, the doctrine should be interpreted broadly and held largely inviolate:

> Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients. In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways – aptly though roughly termed by the Circuit Court of Appeals in this case as the "work product of the lawyer." Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be

> demoralizing. And the interests of the clients and the cause of justice would be poorly served.

*Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

After reviewing the disputed documents *in camera*, the trial judge found that all nine emails were prepared in anticipation of litigation, protected by the attorney work-product doctrine, and thus properly exempt from disclosure under FOIA Exemption 5, 5 U.S.C. § 552(b)(5). Having reviewed these documents *in camera*, we agree and affirm the District Court's judgment that the documents are attorney work product. We also note that the District Court never suggested that any of the documents were only partially work product. Our review of the documents confirms this. Each of the nine documents, in its entirety, is work product. There are no non-work product parts of the emails. In other words, there are no segregable parts. In light of these findings, we reverse the judgment of the District Court compelling the Government to provide Judicial Watch with reasonably segregable portions of each document.

The District Court ruled that the segregability language of § 552(b) requires DOJ to disclose "any 'reasonably segregable portion' of documents" withheld under the attorney work-product doctrine. *See* Order (Mar. 31, 2004) at 2. DOJ responds that FOIA's segregability requirement only provides that an agency must disclose "[a]ny reasonably segregable portion of a record . . . to any person requesting such record *after deletion of the portions which are exempt under this subsection*." *See* Br. for Appellant at 9 (citing 5 U.S.C. § 552(b)). Thus, according to the Government, where a document is withheld pursuant to the work-product doctrine, "there simply are no 'reasonably segregable' portions . . . to release '*after* deletion of the portions which are exempt.'" *Id.* The Government's view is on the mark.

Judicial Watch counters that "[i]t is quite possible that the documents contain specific facts that are segregable because they are of a nature that does not implicate the work-product doctrine." Br. for Appellee at 8-9. Judicial Watch further argues that the District Court must have assumed as much, having found the emails to be work product and yet ordering the Government to make a good faith effort to provide Judicial Watch with reasonably segregable potions of each document.

There is no doubt that the District Court thought the "wide-reaching protection for attorney work-product runs headlong into FOIA's broad disclosure and segregability requirements," 337 F. Supp. 2d at 186, and that "the law in this Circuit on the interaction between FOIA's segregability requirement and the attorney work-product protection is *unclear*," *id.* Facing this perceived confusion in the case law, the District Court, relying on *Army Times Publishing Co. v. Department of Air Force*, 998 F.2d 1067 (D.C. Cir. 1993), concluded that "[a] distinction can be drawn between material that is deliberative in nature and that which is merely factual" in determining what material must be disclosed under Exemption 5. 337 F. Supp. 2d at 186. However, this confuses the *deliberative process privilege*, which was at issue in *Army Times Publishing*, and the *attorney work-product doctrine*, which is at issue here.

The circuit's case law is clear that "[t]he work-product doctrine simply does not distinguish between factual and deliberative material." *Martin v. Office of Special Counsel*, 819 F.2d 1181, 1187 (D.C. Cir. 1987). In *Tax Analysts*, we explained that "[a]ny part of [a document] prepared in anticipation of litigation, not just the portions concerning opinions, legal theories, and the like, is protected by the work product doctrine and falls under exemption 5." 117 F.3d at 620. In other words, factual material is itself privileged when it appears within documents that are attorney work product. If a

document is fully protected as work product, then segregability is not required.

Judicial Watch, echoing a view expressed by the District Court, *see* Order (Mar. 31, 2004) at 3, argues that it is well settled that "[t]he 'segregability' requirement applies to all . . . documents and all exemptions in the FOIA." *Schiller v. NLRB*, 964 F.2d 1205, 1209 (D.C. Cir. 1992) (internal citations and quotation marks omitted). When taken out of context, this language from *Schiller* does indeed suggest that a document that is clearly covered by the work-product doctrine may be segregable. But that is not what *Schiller* says, nor is it consistent with the law of the circuit. There were five documents at issue in *Schiller*, at least three of which contained attachments. The court found that one of the documents was not attorney work product, but held that the remaining documents fell "within the attorney work-product privilege and, therefore, within exemption 5." *Id.* at 1208. The court then remanded the case for the District Court "to enforce FOIA's requirement that agencies disclose reasonably segregable portions of withheld documents." *Id*. at 1210. The decision can thus be read to suggest that the court remanded for a determination as to whether any portions of the attorney work-product documents, say, possibly the attachments, included nonprivileged materials. Or the court may have inadvertently referred to "documents" when it intended only to remand for a segregability analysis for the one document that was not attorney work product. The opinion is simply unclear on this point.

What is clear about *Schiller* is that it does not purport to undercut the court's decision in *Martin*, and the holding there that "the work-product doctrine simply does not distinguish between factual and deliberative material." *Martin*, 819 F.2d at 1187. Indeed, *Martin* is not even cited in *Schiller*. Nor is there any doubt about the continuing force of the holding in *Martin* after the decision in *Schiller*. *Tax Analysts*, which was decided

after *Schiller*, reaffirms the principles set forth in *Martin* and says nothing to suggest that *Schiller* established a new line of precedent with respect to the application of the attorney work-product doctrine under Exemption 5.

As indicated above, the District Court's principal error was in conflating the deliberative process privilege and the attorney work-product doctrine. It is clear that the privilege and the doctrine are not coterminous in their sweep. *See Martin*, 819 F.2d at 1185-86. Factual material is not protected under the deliberative process privilege unless it is "inextricably intertwined" with the deliberative material, *see In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997) (per curiam), whereas no such showing is required under the attorney work-product doctrine, *see Martin*, 819 F.2d at 1184-87. "[T]he deliberative process privilege, not the work-product privilege, is the source of the fact/deliberative process distinction, and . . . factual elements can 'seldom' be segregated from attorney work product." *Id.* at 1186 (quoting *Mervin v. FTC*, 591 F.2d 821, 827 (D.C. Cir. 1978) (per curiam)). As the Government notes, the District Court's "blurring of the two privileges led it to hold in its September 2 order that 'defendants do have a duty to release segregable information – that is, information that is not inextricably intertwined with protected information.'" Br. for Appellant at 19 (quoting 337 F. Supp. 2d at 187).

---

In conclusion, we hold that, because the emails at issue in this case are attorney work product, the entire contents of these documents – *i.e.*, facts, law, opinions, and analysis – are exempt from disclosure under FOIA. We therefore reverse the judgment of the District Court.

So ordered.