## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KEVIN DUGAN,                          )
                                     )
      Plaintiff,              )
                                     )
      v.                      )        Civil Action No.  13-2003 (RC)
                                     )
                                     )
DEPARTMENT OF JUSTICE *et al*.,       )
                                     )
      Defendants.             )

## MEMORANDUM OPINION

On March 12, 2015, the Court granted summary judgment to defendants on all claims brought under the Freedom of Information Act (FOIA), except the application of FOIA exemption 7(A) to records maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATFE).  *See Dugan v. Dep't of Justice*, 82 F. Supp. 3d 485 (D.D.C. 2015).  ATFE processed the responsive records, made a release to plaintiff on July 10, 2015, and has renewed its motion for summary judgment.  Defs.' Mot. for Summ. J., ECF No. 24.

On July 29, 2015, the Court advised plaintiff to respond to ATFE's motion by September 11, 2015, or risk entry of judgment for the defendants.  *See* Order, ECF No. 25.  Plaintiff has not filed a response or moved for additional time to do so.  Consequently, the Court has reviewed ATFE's summary judgment motion through the lens of Federal Rule of Civil Procedure 56 and, for the reasons explained below, finds that summary judgment is warranted.  *See Grimes v. D.C.*, 794 F.3d 83, 95 (D.C. Cir. 2015) (" 'a district court must always determine for itself whether the record and any undisputed material facts justify granting summary judgment.' ") (quoting Griffith, J. concurring); *Dugan*, 82 F. Supp. 3d at 493-95 (discussing legal standard).

1

The following facts are not in dispute. ATFE located 757 "potentially" responsive records. Stmt. of Material Facts ¶ 6, ECF No. 24-2. On July 15, 2015, it released to plaintiff a total of 565 pages, 396 of which contained redactions. *Id*. ATFE withheld 145 pages completely; it determined that 34 pages "were outside the scope" of the request and 13 pages were duplicative. *Id*. ATFE withheld information under FOIA exemptions 3, 5, 6, 7(C), 7(E), and 7(F). *Id.* ¶¶ 6, 39.

Based on defendants' statement of undisputed material facts, the Declaration of Stephanie M. Boucher, and the accompanying *Vaughn* Index, the Court finds that defendants have properly justified withholding information under the claimed exemptions. *See* Boucher Decl. ¶¶ 8-15 (Firearms Trace Summaries and tax return information withheld under exemption 3); *id*. ¶¶ 36-42 (attorney work product withheld under exemption 5); *id*. ¶¶ 17-28 (third-party identifying information withheld under personal privacy exemptions 6 and 7(C)); *id*. ¶¶ 29-32 (specific law enforcement techniques, TECS codes and TECS file numbers withheld under exemption 7(E)); *id*. ¶¶ 33-35 (third-party information withheld under exemption 7(F) for personal safety reasons). Boucher's explanations are consistent with case law,[1] and "[u]ltimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.' " *Dugan*, 82 F.

---

[1]    *See Schrecker v. DOJ*, 349 F.3d 657, 661 (D.C. Cir. 2003) ("On the privacy side of the ledger, our decisions [on exemption 7(C)] have consistently supported nondisclosure of names or other information identifying individuals appearing in law enforcement records, including investigators, suspects, witnesses, and informants."); *Fowlkes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, --- F. Supp. 3d ---, ---, 2015 WL 5598011, at *3, 5 (D.D.C. Sept. 21, 2015) (approving ATFE's withholding of firearms trace reports under exemption 3 and TECS codes and other file information under exemption 7(E)); *Cause of Action v. Internal Revenue Serv.*, --- F.3d ---, ---, 2015 WL 5120863, at *10 (D.D.C. Aug. 28, 2015) (approving withholding of tax return information under exemption 3, pursuant to 26 U.S.C. § 6103); *Skinner v. U.S. Dep't of Justice*, 744 F. Supp. 2d 185, 204 (D.D.C. 2010) (approving ATFE's withholding of firearm trace evidence under exemption 3 and attorney work product under exemption 5). *See also Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 371 (D.C. Cir. 2005) ("If a document is fully protected [under exemption 5] as work product, then segregability is not required.")

Supp. 3d at 494 (quoting *Judicial Watch, Inc. v. U.S. Dep't of Defense*, 715 F.3d 937, 941 (D.C. Cir. 2013)) (other citation omitted).  In addition, Boucher avers that "each page" of responsive material was reviewed "line-by-line" to ensure that all reasonably segregable non-exempt information was disclosed to plaintiff.  Boucher Decl. ¶ 43.

In the absence of any challenge to ATFE's evidence showing full compliance with FOIA's disclosure requirements, the Court will grant summary judgment to defendants on the remaining claim and will enter judgment accordingly.[2]

_____/s/_____
RUDOLPH CONTRERAS
Date:  October 7, 2015                     United States District Judge

---

[2]     A separate Order accompanies this Memorandum Opinion.