**Dany A. ROJAS–VEGA, Appellant**

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al., Appellees.**

**No. 15-5292**
**September Term, 2015**

United States Court of Appeals, District of Columbia Circuit.

Filed: June 10, 2016

Dany A. Rojas–Vega, Pro Se.

John C. Truong, Assistant U.S. Attorney, R. Craig Lawrence, U.S. Attorney's

Office (USA), Appellate Division, Washington, DC, for Defendants–Appellees.

BEFORE: Rogers, Kavanaugh, and Wilkins, Circuit Judges

## ORDER

Per Curiam

Upon consideration of the motion to appoint counsel; the motions for extensions of time and the responses thereto; the motion to expedite; the motion for summary affirmance, the response thereto, and the reply; and the cross-motion for summary reversal, the response thereto, and the reply, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motions for extensions of time be granted. It is

**FURTHER ORDERED** that the motion for summary affirmance be granted, and the motion for summary reversal be denied. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). In response to Rojas-Vega's request pursuant to the Freedom of Information Act ("FOIA"), the government "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Mobley v. CIA, 806 F.3d 568, 580–81 (D.C. Cir. 2015). With respect to records that were withheld under the exemption provisions of FOIA, 5 U.S.C. § 552(b), the declarations provided by the government demonstrated with reasonably specific detail that the withheld information logically falls within Exemptions 5, 7(C), and 7(E). See Larson v. Dep't of State, 565 F.3d 857, 862 (D.C. Cir. 2009). Finally, Rojas–Vega has not rebutted the "presumption that [the government] complied with the obligation to disclose reasonably segregable material." Sussman v. U.S. Marshals Service, 494 F.3d 1106, 1117 (D.C. Cir. 2007). See also Judicial Watch, Inc. v. DOJ, 432 F.3d 366, 371 (D.C. Cir. 2005) (noting that materials withheld under Exemption 5 as attorney work product need not be reviewed for segregability). It is

**FURTHER ORDERED** that the motion to expedite be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.